No. 36,286

JAMES O. TAYLOR, *Appellee*, v. HARRISON E. PENDRY and ADELAIDE L. PENDRY, *Appellants*.

(154 P. 2d 124)

Opinion filed December 16, 1944.

*William M. Bradshaw* and *Rad M. Lee*, both of Topeka, argued the cause for the appellant, and *Harrison E. Pendry*, of Topeka, was on the briefs *pro se*.

*A. Harry Crane*, of Topeka, argued the cause, and *W. D. Martin, John E. DuMars* and *Clayton M. Davis*, all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This appeal arises out of an action by the owner of a business property in Topeka to secure possession of the premises from the tenants. The issue can best be indicated by a brief recital of the facts.

Judgment for possession and for other relief was entered on May 19, 1943. The defendants appealed from the judgment, and on November 22, 1943, the appeal was dismissed in this court for good cause shown. On December 6, 1943, the owner of the building and the tenants entered into an agreement under which execution of the writ of possession was to be deferred, possession of the second floor of the building was to be surrendered immediately, and the tenants were to be permitted to continue to occupy the lower floor until August 1, 1944. In connection with this agreement and on the same day, December 6, 1943, the tenants addressed the following request, in writing, to the sheriff:

"REQUEST OF ELBURN M. BEALL, SHERIFF OF SHAWNEE COUNTY, KANSAS

We, the undersigned occupants of the property known as 409 Kansas Avenue, which property is owned by James O. Taylor, do hereby state that we

admit that the said James O. Taylor has the right to the immediate possession of the above described property but that it is impossible for us to move all of our property from said building without some additional time and we respectfully request the said Sheriff to withhold the execution in his hands for the eviction of us and our property from said premises until the 1st day of August, 1944.

Dated this 6th day of December, 1943.

ERLE S. FRANCIS,                                    HARRISON E. PENDRY,
A. HARRY CRANE,                                     H. E. PENDRY,
    Witness                                         ADELAIDE L. PENDRY."

On August 1, 1944, the tenants were still occupying the building, and on August 3, 1944, a writ of possession was issued and delivered to the sheriff directing him to remove the tenants forthwith from the premises and to restore possession of the building to the owner, as provided by the judgment. Thereupon the sheriff filed two motions in the district court, one for leave to interplead and the second for instructions as to execution of the writ. The court promptly denied the first motion on the ground that the sheriff, being an officer of the court, did not require leave in order to secure instructions from the court. Upon the hearing on the motion for instructions, copies of the agreement and the request by the tenants to withhold execution of the writ were introduced and there was some oral testimony. The trial court then advised the sheriff that the writ meant just what it said and that it should be executed according to its terms. Whereupon the defendants appealed to this court from "all orders and rulings" in the case and "particularly from the issuance of the execution issued and now outstanding in said case" and from the rulings in connection with the motions of the sheriff.

Any questions relating to the judgment of May 19, 1943, require no attention. The judgment had long since become final, and is not now subject to review. As to the rulings of the trial court on the motions of the sheriff the appellee contends, in a motion to dismiss the appeal, that they are not appealable orders. Appellee also contends that the appeal is for hindrance and delay and also that the abstract was not filed in time, under the rule. Passing for the moment the motion to dismiss we take brief note of appellants' principal arguments.

Appellants say that the trial court should have given consideration to their contention that the agreement of December 6, 1943, created a new tenancy and superseded the judgment. They say that the sheriff had no authority "to enforce an execution that was void

by lapse of time." Even assuming—but certainly not holding—that the trial court should have construed the agreement, it is too obvious to require discussion that the parties had no intention of superseding the judgment, and appellants in their letter of December 6 (*supra*) to the sheriff acknowledged appellee's right to immediate possession. The purpose of the agreement—clearly shown by the terms—was solely to defer execution of the writ under the conditions stated and upon request of the appellants. The agreement specifically provided:

*"It is further agreed between the parties hereto* that second party is not releasing and is not to release his judgment for possession in the above entitled action but that the same shall remain in full force and effect and in the event of the breach of the terms of this agreement with full rights in second party to exercise said judgment for possession at the termination of this agreement or at any time prior thereto if said agreement be breached in any respect."

The contention that the writ was void for lapse of time calls for little comment. Certainly appellants are in no position to press that view. Execution of the first writ was deferred at their request, a new writ was issued on August 3, 1944, and the hearing on the motions of the sheriff promptly followed.

The facts disclosed by the whole record in this and the previous appeal dismissed on November 22, 1943, compel the conclusion that this appeal should be dismissed for lack of merit. Appellee is certainly entitled to enforcement of his rights, within some reasonable time, under the judgment.

The conclusion above stated makes it unnecessary to take up appellee's contention—certainly worthy of serious consideration—that the rulings here complained of are not appealable orders. Whether the agreement of December 6, 1943, created a new tenancy and superseded the judgment was not an issue raised by any pleadings then before the court. All the court had before it—aside from such evidence as was received—was the sheriff's motion for instructions. But it is unnecessary to pursue further this or other issues raised by the motion to dismiss.

The appeal is dismissed, and it is the further order of the court that the mandate go down at once.